UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                                          Case No. 15-25354
                                                                Honorable Eugene R. Wedoff
Maria Isabel Benitez                                            Chapter 13

## ALLY FINANCIAL'S OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

NOW COMES Ally Financial, by and through its attorney James M. Philbrick of the LAW OFFICES OF JAMES M. PHILBRICK P.C., and as and for its Objection to Confirmation of Debtor's Chapter 13 Plan, states as follows:

1. That Ally Financial is a creditor-claimant of the Debtor, and brings this Objection pursuant to 11 U.S.C. §1324 and §1325.

2. That on January 19, 2015, the Debtor executed an Agreement for an interest in one 2013 CHRYSLER 200, VIN: 1C3CCBABXDN642349.

3. That on January 19, 2015, the Agreement was duly assigned to Ally Financial. That thereafter the lien of Ally Financial was properly perfected in accordance with the Illinois Motor Vehicle Act, and said lien was noted upon the certificate of title in connection with the aforesaid vehicle.

4. That on July 24, 2015, the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

5. That the payoff balance owing to Ally Financial under the terms of the Agreement at the time of filing was $17,028.04

6. That the Debtor's chapter 13 plan impermissibly attempts to apply 11 U.S.C. §506 to Ally Financial's claim. That the said vehicle is secured by a purchase money security interest and was purchased within 910 days prior to the filing of this bankruptcy case and, therefore, 11 U.S.C. §506 does not apply to Ally Financial's claim.

7. That the Debtor's Chapter 13 Plan does not provide for either the full value of Ally Financial's claim or for attorney fees in the amount of $500.00.

8.  That the Debtor's Chapter 13 Plan fails to provide for sufficient equal monthly amounts to pay Ally Financial's claim in full during the proposed length of the plan as provide by 11 U.S.C. §1325(a)(5)(iii)(I) and (II).

9.  That the Debtor's Chapter 13 Plan fails to provide for the commencement of sufficient adequate protection payments directly to Ally Financial.

10. That Ally Financial is entitled to interest on its claim at the Agreement rate of 19.29%.

11. Debtor's plan fails to provide an interest rate in compliance with the guidelines of the Supreme Court decision, In re Till.

12. That for the reasons stated herein, confirmation of the Debtor's Chapter 13 Plan should be denied.

WHEREFORE, Ally Financial prays this Honorable Court for entry of an order denying confirmation of the Debtor's Chapter 13 Plan and for such other and further relief as the Court may deem just and proper.

Ally Financial

By:  /s/ James M. Philbrick
     One of its Attorneys

**CERTIFICATE OF SERVICE**

I, James M. Philbrick, an attorney, certify that I personally served the above Objection on the Debtor's attorney, Penelope N Bach and on the Chapter 13 Trustee, Marilyn O. Marshall, by Court Electronic Notification on the 13th day of August, 2015, before the hour of 5:00 p.m.

/s/ James M. Philbrick

James M. Philbrick
Attorney No. 6244743
Law Offices of James M. Philbrick
P.O. Box 351
Mundelein, Illinois   60060
847/949-5290
Fax: 847/949-5690
jamesphilbrick@comcast.net